# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

STEVEN M. LOEB
CRAIG B. BROD
NICOLAS GRABAR
DAVID E. BRODSKY
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ANDRES DE LA CRUZ
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
CHANTAL E. KORDULA

BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
AUDRY X. CASUSOL
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOSEPH LANZKRON

MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
RESIDENT PARTNERS

SANDRA M. ROCKS
JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
NEIL R. MARKEL
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W.S. YUDIN
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

D: +1 212 225 2508
cboccuzzi@cgsh.com

April 12, 2021

VIA ELECTRONIC CASE FILING

The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

Re: *The Bank of New York Mellon v. Samarco Mineração S.A.*, 1:20-cv-08206-JPC, 1:20-cv-08209-JPC, and 1:20-cv-08211-JPC (S.D.N.Y.)

Dear Judge Cronan:

This firm represents Samarco Mineração S.A. ("Samarco") in the above-referenced actions. We write in response to Plaintiff The Bank of New York Mellon's April 8, 2021 letter (the "April 8 Letter").

*First*, this past Friday, April 9, 2021, Samarco filed a petition (the "RJ Petition") to commence a judicial reorganization proceeding ("RJ Proceeding") with the State Court for the Belo Horizonte District of Minas Gerais, Brazil (the "Brazilian Court"). An RJ Proceeding is a court-supervised restructuring proceeding that is Brazil's analogue to Chapter 11 of the U.S. Bankruptcy Code. The filing of the RJ Petition highlights the necessity, more than ever, of a stay of enforcement actions against Samarco to allow the company to continue to work toward an orderly restructuring of its financial indebtedness.

*Second*, the filing of the RJ Petition in Brazil weighs against prejudgment relief sought by Plaintiff in this proceeding. Contrary to Plaintiff's claim in the April 8 Letter that expeditious prejudgment relief is warranted, Plaintiff should not be allowed to obtain priority over other creditors through this action. *See Ames v. Clifford*, 863 F. Supp. 175, 178 (S.D.N.Y. 1994) (finding it improper to use N.Y. C.P.L.R. § 6201 "as a means of obtaining priority over other creditors"); *see also J.V.W. Inv. Ltd. v. Kelleher*, 41 A.D.3d 233, 234 (1st Dep't 2007) (vacating attachment where defendant was already subject to liquidation proceedings in Bahamian court,

Hon. John P. Cronan, p. 2

noting "the attachment merely gives plaintiffs an unwarranted priority over [Appellant's] other creditors, which is simply not the intended purpose of [C.P.L.R.] 6201.").

*Third*, despite Plaintiff's assertion that Samarco has been at a "standstill," Samarco has recently resumed its operations and made continued progress toward an orderly restructuring of its financial indebtedness.  As Samarco continued its good faith efforts toward a consensual restructuring, Plaintiff's counsel has mounted a coordinated effort to bring three enforcement actions against Samarco in Brazil on other financial obligations, totaling over USD $575 million in additional claims.  Such measures run contrary to Plaintiff's alleged willingness to work with Samarco toward a consensual resolution of Plaintiff's claims, and further evidences efforts to tie down Samarco's assets during this critical period shortly after Samarco started to resume its operations, when access to liquidity is paramount.  As a result of the ongoing enforcement actions against Samarco, the company had no choice but to file the RJ Petition as a means to protect its assets and operations, continue to employ thousands of workers, and implement an orderly restructuring of its financial indebtedness.

*Fourth*, once the Brazilian Court enters an order formally accepting Samarco into the RJ Proceeding, which is expected to occur in a matter of days, Samarco will file with the U.S. bankruptcy court for the Southern District of New York a petition seeking recognition of the RJ Proceeding as a foreign main proceeding under Chapter 15 of the U.S. Bankruptcy Code.  Upon recognition of the RJ Proceeding as a foreign main proceeding, the automatic stay will, as a matter of right, protect Samarco and all of its assets in the territorial jurisdiction of the United States.

For the foregoing reasons, in addition to the reasons set forth in Samarco's briefing, Samarco respectfully requests the Court (i) grant its Motion to Dismiss, or in the Alternative, Stay and (ii) deny Plaintiff's Motion for an Order of Attachment and Discovery.

Respectfully submitted,

*/s/ Carmine D. Boccuzzi*
Carmine D. Boccuzzi

cc: Antonio Perez-Marquez
Timothy Graulich
Matthew Cormack